Catherine E. Ybarra (SBN 283360)
cybarra@sirillp.com
**SIRI & GLIMSTAD LLP**
700 S. Flower Street, Ste. 1000
Los Angeles, CA 90017
Telephone: (213) 376-3739

*Counsel for Plaintiff and the Proposed Class*

Scott S. Humphreys (SBN 298021)
humphreyss@ballardspahr.com
Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Attorneys for Defendant Turbo Debt, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBYJO ANDOH, CAITLYNN SAMUEL, and TERESA MCKENNA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>TURBO DEBT, LLC,<br>　　　　　　　　Defendant. | Case No. 3:24-cv-08577-VC<br><br>Hon. Vince Chhabria<br><br>**STIPULATED REQUEST FOR DISMISSAL AND [~~PROPOSED~~] ORDER** |

Pursuant to Fed. R. Civ. P. 23(e) and 41(a)(1)(A)(ii), and this Court's standing order,[1] Plaintiffs BobbyJo Andoh, Caitlynn Samuel and Teresa McKenna (collectively, "Plaintiffs") and Defendant Turbo Debt, LLC ("Defendant" and together with Plaintiffs, the "Parties") respectfully submit this Stipulated Request for Dismissal requesting approval for the dismissal of Plaintiffs' individual claims with prejudice and the claims of the putative class **without prejudice,** and in support state as follows:

---

[1] *See Standing Order for Civil Cases Before Judge Vince Chhabria ¶ 54, available online at*: https://cand.uscourts.gov/wp-content/uploads/2023/03/VC-Civil-Standing-Order-2024-10-23.pdf (last accessed Mar. 7, 2025).

1

## I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs initiated the instant matter on November 27, 2024, by filing a Class Action Complaint in this Court. *See* Dkt. No. 1 ("CAC"). In the CAC, Plaintiffs allege that Defendant installed internet surveillance technology (the "Tracking Tools") on its website which transmit its website user's confidential, personally identifiable financial information to third parties, including Google and Faceook, without its website users' knowledge or consent. The CAC alleges claims, on behalf of Plaintiffs and a putative class of similarly situated individuals, for Invasion of Privacy; Breach of Confidence; Negligence; Breach of Implied Contract; and violations of the Electronic Communications Privacy Act, California Invasion of Privacy Act, California Constitution, and California Unfair Competition Law arising out of Defendant's alleged use of the Tracking Tools.

Shortly after the CAC was filed, the Parties began engaging in settlement discussions, including exchange of informal discovery as to Plaintiffs' use of Defendant's website. *See* Exhibit A, Joint Declaration in Support of the Parties' Stipulated Request for Dismissal ("Joint Decl.") ¶ 6. These good faith discussions resulted in a settlement in principle on February 3, 2025, as to Plaintiffs' individual claims. *Id*. The Parties then drafted a Settlement Agreement and said agreement was executed by all Parties on March 17, 2025. *Id*.

## II. DISMISSAL OF THIS ACTION WITHOUT NOTICE TO PUTATIVE CLASS MEMBERS IS APPROPRIATE

### A. Legal Standard

Ninth Circuit courts "must approve any dismissal or compromise of a class action…to ensure that it is not collusive or prejudicial," and to determine if notice of the dismissal or compromise must be provided to the putative class. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). In evaluating whether to grant such a dismissal, the Ninth Circuit has instructed that the district courts should "inquire into possible prejudice" resulting from the eponymous '*Diaz* factors':

(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [or] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.*[2]

In *Diaz*, the Ninth Circuit "emphasized" that notice "to the class of pre-certification dismissal is not … required in all circumstances." *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *6 (N.D. Cal. Oct. 10, 2014) (citing *Diaz*, 876 F.2d at 1408-09). Instead, notice may be appropriate only if the "putative class members might be subject to prejudicial or unfair impacts" from the dismissal. *Id*.

Here, as explained *infra*, the *Diaz* factors strongly support pre-certification dismissal of this action without notice.

---

[2] The Parties note that as *Diaz* relied upon Fed. R. Civ. P. 23(e), its holding is called into question by the Rule's subsequent 2003 amendment, the Advisory Committee Notes of which state that:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be -- and at times was — read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses *of a certified class* are resolved by a settlement, voluntary dismissal, or compromise.

(citations omitted); *see also Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*, No. 3:14-cv-02006-HSG, 2015 U.S. Dist. LEXIS 172290, at *2 (N.D. Cal. Dec. 28, 2015); *Bolyard v. Walgreens Boots All., Inc.*, No. 1:24-cv-01112-JLT-SAB, 2024 U.S. Dist. LEXIS 189116, at *2 n.1 (E.D. Cal. Oct. 16, 2024). However, the Parties take direction from the cases cited in this Court's *Standing Order*, which hold that the *Diaz* factors are still used to evaluate the stipulated dismissal of putative class claims in this District. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 U.S. Dist. LEXIS 4338, at *9 (N.D. Cal. Jan. 13, 2016) (citations omitted) ("Although there has been 'some uncertainty' about whether this holding applies in the wake of the 2003 amendments to Rule 23(e), courts in this district continue to follow Diaz to evaluate the proposed settlement and dismissal of putative class claims"); *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *4 (N.D. Cal. Oct. 10, 2014) (same).

### B. Putative Class Members have not relied to their detriment on this lawsuit.

The first *Diaz* factor examines whether putative class members possibly relied on the filing of the action to their detriment "because of publicity or other circumstances." *Diaz*, 876 F.2d at 1408. This factor generally weighs against providing notice where there has been no media coverage of the action.[3]

In the instant case, there is no evidence that putative class members have relied on this action at all, let alone to their detriment. After a diligent search, the Parties are unaware of any media coverage regarding this action. Joint Decl. ¶ 7. Moreover, no putative class members have contacted counsel of either Party to inquire about the status of the case or the filing of additional claims. *See id*. ¶ 8; *see also Rodriguez v. Nationwide Mut. Ins. Co.*, No. 8:16-cv-02217-JLS-DFM, 2017 U.S. Dist. LEXIS 237338, at *7 (C.D. Cal. Nov. 16, 2017) (finding that the first *Diaz* factor weighed in favor of dismissal where there was no media coverage of the case, and the Parties had not received communication from any putative class members). Accordingly, the first *Diaz* factor weighs in favor of granting dismissal, and against providing notice to putative class members.

### C. Putative Class Members are not prejudiced by a rapidly approaching Statute of Limitations

The second *Diaz* factor inquires into if putative class members face a "rapidly approaching statute of limitations. *Diaz*, 876 F.2d at 1408. Here, determination of the Statute of Limitations for claims held by putative class members is individualized, as each individual claim began accruing when the putative class member applied for a loan on Defendant's website. However, this action

---

[3] *See Lyons v. Bank of Am., NA.*, No. C 11-1232 CW, 2012 U.S. Dist. LEXIS 168230, at *5-6 (N.D. Cal. Nov. 27, 2012) ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights"); *Tombline*, 2014 U.S. Dist. LEXIS 145556, at *7 (quoting *Mahan v. Trex Co.*, No. 5:09-cv-00670 JF/PVT, 2010 U.S. Dist. LEXIS 130160, at *3 (N.D. Cal. Nov. 22, 2010)) ("'[T]he danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation'").

could not have had a prejudicial effect on any claims held by any putative class members, because, to the extent they were aware of it and did not initiate their claims against Defendants because of it had been filed, they would be entitled to invoke the tolling doctrine set forth in *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (1974). *See also China Agritech, Inc. v. Resh*, 584 U.S. 732, 736, 138 S. Ct. 1800, 1804 (2018) ("the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fail").

Because any related claims held by unnamed class members who detrimentally relied on the filing of this action were tolled during the pendency of this matter, there can be no prejudicial effect based on any approaching statute of limitations. *See Lyons*, 2012 U.S. Dist. LEXIS 168230, at *6 (finding that dismissal did not prejudice absent class members as their "claims would not be time-barred because of the class action tolling doctrine"); *Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 U.S. Dist. LEXIS 196652, at *3 (E.D. Cal. Oct. 11, 2021) (finding no prejudice under second *Diaz* factor as individualized statute of limitations were tolled during pendency of putative class action).

### D. There has been no settlement or concession of class interests made by Plaintiffs or their counsel.

The third *Diaz* factor examines any prejudice resulting from "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. Here, "there is no concession of the putative class' rights because the stipulated dismissal is without prejudice" and "'any absent class member is free to pursue his or her individual or class claims.'" *Allahverdi v. Thinx, Inc.*, No. 2:20-cv-10341-SSS-JPRx, 2022 U.S. Dist. LEXIS 141080, at *6 (C.D. Cal. Aug. 8, 2022) (quoting *Rodriguez v. Nationwide Mut. Ins. Co.*, No. 816CV02217, 2017 U.S. Dist. LEXIS 237338, at *4 (C.D. Cal. Nov. 16, 2017). Therefore, as any viable claims held by putative class members will not be compromised by the dismissal of this matter, the third *Diaz* factor weighs in favor of granting this Motion.

### III. CONCLUSION

As all three *Diaz* favors weigh in favor of the Parties' Motion, the Parties respectfully request that the Court enter the proposed order and dismiss Plaintiffs' individual claims with prejudice and the putative class claims without prejudice.

DATED: March 17, 2025

**SIRI & GLIMSTAD LLP**
*Attorneys for Plaintiffs and the Putative Class*

By: */s/ Catherine Ybarra*
CATHERINE YBARRA, ESQ.
cybarra@sirillp.com

DATED: March 17, 2025

**BALLARD SPAHR LLP**
*Attorneys for Defendant*

By: */s/ Brianna Howard*
BRIANNA HOWARD, ESQ.
howardbr@ballardspahr.com

# [~~PROPOSED~~] ORDER

This action is hereby dismissed with prejudice to as to Plaintiffs' claims and without prejudice as to any claims of any absent or unnamed members of the putative class.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  March 17, 2025

_____
Hon. Vince Chhabria
United States District Court